IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Carol Masterson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   05 C 5106 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| Target Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

### I. Factual Background

The following factual background is based on the statements submitted by the parties pursuant to Local Rule 56.1, and for purposes of the summary judgment motion this Court construes the facts in plaintiff's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

Plaintiff Carol Masterson ("Masterson") was an employee of Levy Home Entertainment ("Levy"). From 1999 to 2003, Levy assigned Masterson to work exclusively at a Target Corporation store ("Target") stocking books and other merchandise. Plainitiff worked, on average, approximately five days per week at the Target location. Masterson's duties required her to walk back and forth from the sales floor to stockroom "A" several times throughout the workday. At the time of her accident, Plaintiff was walking across the entertainment aisle toward stockroom "A" in order to get books, which was the most direct route between the department and the stockroom. On the pathway to the stockroom, Masterson had to walk over two mats that were positioned so that they overlapped

each other. As Plaintiff was walking, she looked up to speak to another Target employee. As she spoke to the employee. Masterson tripped on the area where the mats overlapped. When Plaintiff tripped, she stumbled and fell forward, injuring herself. Plaintiff had viewed the carpeted mats in the same overlapping condition for the time period in which she was assigned to Target. Plaintiff typically utilized the same pathway, which had her walking over the mats, to enter into Stockroom "A." Masterson claims that the overlapping matss were the sole reason for her accident.

## II. Standard of Review

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." *Id.* And neither "the mere existence of some alleged factual dispute between the parties," *Id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), is sufficient to defeat such a motion.

All facts and inferences are viewed in the light most favorable to the non-moving party. *Matsushita*, 475 U.S. at 587. The party opposing summary judgment, however, must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250.

## III. Analysis

To succeed on her common-law negligence claim against Target, Masterson must establish that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and the defendant's breach proximately caused the plaintiff's injuries. *See Espinoza v. Elgin, Joliet & Eastern Ry.*, 165 Ill.2d 107, 114, 649 N.E.2d 1323, 1326, 208 Ill. Dec. 662 (1995). In the instant matter, Defendant argues that Plaintiff's injuries resulted from an "open and obvious condition" and, therefore, Plaintiff cannot establish that Defendant is liable for her injury. Although Plaintiff concedes that her injuries resulted from an open and obvious condition, she argues that Defendant owed her a duty of care under the distraction or deliberate encounter exceptions to the open and obvious doctrine.

Under Illinois law, whether defendant landowners owe a duty to an injured plaintiff is a question of law. *Staples v. Krack Corp.*, 186 F.3d 977, 979 (7th Cir. 1999). In determining whether a duty exists, the court considers: "(1) the foreseeability that defendants's conduct will result in injury to another; (2) the likelihood of injury; (3) the magnitude of guarding against it; and (4) the consequences of placing that burden upon defendant." *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 830 N.E.2d 722, 727, 294 Ill. Dec. 310 (1st. Dist. 2005). However, individuals who own, occupy, or control land are not ordinarily required to foresee and protect against injuries resulting from dangerous conditions that are open and obvious. *Bucheleres v. Chicago Park Dist.*, 171 Ill. 2d 435, 448, 665 N.E.2d 826, 832, 216 Ill. Dec. 568 (Ill. 1996); *Jakubiec v. Cities Service Co.*, 844 F.2d 470, 472 (7th Cir. 1988)(applying Illinois law). A danger is considered open and obvious if "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Prostran v. City*

3

*of Chicago*, 349 Ill. App. 3d 81, 90, 811 N.E.2d 364, 371, 285 Ill. Dec. 123 (1st Dist. 2004)(*citing Sollami v. Eaton*, 201 Ill.2d 1, 17, 772 N.E.2d 215, 224, 265 Ill. Dec. 177 (2002)). The determination of whether a danger is open and obvious is generally a question of fact, though it can be decided as a matter of law where reasonable minds could not disagree, and is based upon the objective knowledge of a reasonable person confronting the same condition. *See Harmon v. United States*, 8 F. Supp. 2d 757, 761 (N.D. Ill. 1998); *Sandoval v. City of Chicago*, 830 N.E.2d at 727.

The mere existence of an open and obvious danger, is not a per se bar to finding that a landowner has a duty to exercise reasonable care, however. *Bucheleres*, 665 N.E.2d at 833. Illinois courts recognize two exceptions to the open and obvious doctrine: the distraction exception and the deliberate encounter exception. *Prostran*, 811 N.E.2d at 371. Under the distraction exception, a property owner owes a duty of care with respect to an open and obvious danger "if it is reasonably foreseeable that the plaintiff's attention might be distracted so that she would not discover the obvious condition." *Id.* at 370. Under the deliberate encounter exception "a duty is imposed when a possessor of land 'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.'" *Id.* at 371 (quoting Restatement (Second) of Torts § 343A, Comment f, at 220). This exception usually applies where the injured party is under economic compulsion to encounter the danger, such as a worker acting as part of his employment obligations. *Id.*

### A. Distraction Exception

In the instant matter, Plaintiff fails to demonstrate that there are any material facts presenting a genuine issue for trial. Masterson argues that the distraction exception applies because her accident occurred as she was saying hello to a Target employee. Plaintiff contends that it was reasonably

foreseeable that a party could become momentarily distracted enough to forget about the dangerous condition, specifically, the placement of the mats. Plaintiff further contends that the act of speaking to another employee was sufficient enough of a distraction to implicate the exception. Illinois courts, however, in determining whether to impose duty upon a landowner based upon the distraction exception, have applied the exception where the landowner created, contributed to, or was responsible for the distraction which diverted the plaintiff's attention from the open and obvious condition. See *American National Bank and Trust Co. of Chicago v. National Adver. Co., et al.*, 149 Ill. 2d 14, 29; 594 N.E.2d 313, 171 Ill. Dec. 461 (1992)(reasonably foreseeable to defendant-billboard lessees that painter would be distracted from billboard power lines while watching where he walked on billboard railing and, thus, that he could be injured); *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 438-39, 566 N.E.2d 239, 152 Ill. Dec. 552 (1990)(where common practice was for workers to throw debris from balcony under which portable toilet was located, defendant-contractor owed duty to worker despite open and obvious condition of rut in ground where worker was distracted by looking up for debris when exiting toilet because reasonably foreseeable that injury could occur); *Ward v. Kmart Corp.*, 136 Ill. 2d 132, 156, 554 N.E.2d 223, 143 Ill.Dec. 288 (injury reasonably foreseeable where defendant-store placed a post right outside doors to be accessed by customers focused on carrying large and bulky items); *Clifford v. Wharton Business Group*, L.L.C., 353 Ill. App. 3d 34, 45-46, 817 N.E.2d 1207, 288 Ill. Dec. 557 (2004).

Additionally, Illinois courts have determined that where plaintiff's attention is diverted by his own independent acts for which the defendant has no direct responsibility, the distraction exception does not apply. *See Prostran v. City of Chicago*, 811 N.E.2d at 364 (where the plaintiff knew of the defective condition of the sidewalk but chose to walk upon it, distraction exception did not apply).

In the instant case, the undisputed facts reflect that Masterson's attention was distracted solely by her action of saying hello to a fellow co-worker. It is undisputed that Masterson was previously aware of the two overlapping mats and had walked over those mats prior to her accident. Specifically, Masterson stated that she had "seen [the mats] overlapping and walked over those carpets before as part of [her] job at Target for four years." It is also undisputed that at the time of her accident, Masterson was not carrying or pushing any item and was walking toward the stockroom. Thus, at the time of her accident, nothing obstructed Masterson's view of the mats. Further, the undisputed facts reflect that while Masterson was walking toward the stockroom she was looking where she was going until she spoke to the other Target employee. Defendant Targert in no way was responsible for, contributed to, or created this situation. The resulting injury occurred not from a distraction that could be reasonably anticipated by defendant but, instead, was the result of Masterson's own inattentiveness in not looking where she was walking. Consequently, this Court finds that Defendant owed no duty to plaintiff to warn or otherwise safeguard her from potential harm posed by the open and obvious condition at the store.

**B. Deliberate Encounter Exception**

In addition, Plaintiff argues that the deliberate encounter exception applies to the facts of this case. Specifically, Plaintiff contends that it was reasonably foreseeable that she would risk an encounter with the overlapping mat condition in order to perform her employment obligations. The undisputed facts reflect that Plaintiff walked diagonally across the entertainment aisle toward the stockroom. Further, the facts reflect that the route taken by Masterson from the department to the stockroom was the most direct route between the two areas. Plaintiff argues that Defendants had reason to expect that an individual would encounter the overlapping mats because, to a reasonable

person, the advantages of being able to utilize the most direct route would outweigh the apparent risk presented by the mats. *See Simmons v. American Drug Stores, Inc.*, 329 Ill.App.3d 38, 768 N.E.2d 46, 263 Ill. Dec. 286 (1st Dist. 2002). In the case *sub judice*, the facts reflect that although the path taken by Masterson was the most "direct" route, it was not the only route to the stockroom. Thus, the facts reflect that several alternative routes existed to the stockroom, and Masterson was not obligated to take that path. While the evidence may reveal Masterson's preference for using the direct path, it does not demonstrate that she was compelled to do so. The Court cannot conclude that it was reasonably foreseeable to Target that Masterson would risk the encounter with the mats in order to fulfill her employment obligations. Therefore, the deliberate encounter exception does not apply to the facts of this case.

Lastly, a court may not rely upon the open and obvious danger exception to duty until applying the traditional duty analysis by considering the factors of foreseeabilty of the injury, the likelihood of the injury, the magnitude of the burden of guarding against the danger, and the consequences of placing that burden on the defendant. *Ward v. Mid-American Energy Co.*, 313 Ill.App.3d 258, 729 N.E.2d 861, 246 Ill. Dec. 210 (3rd Dist. 2000); *Bucheleres*, 665 N.E.2d at 833. The foreseeability and likelihood of injury are inversely related to the obviousness of the danger because it is expected that individuals encountering obvious dangers will avoid them. See *Mid-American Energy Co.*, 729 N.E.2d at 864; *Bucheleres*, 665 N.E.2d at 833. Although the overlapping mats may have presented an open and obvious danger, the foreseeability and likelihood of danger factors were slight and thus weigh against a finding of duty.

## IV. Conclusion

For the aforementioned reasons, Defendant Target's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

_8/3/07_
Dated

_William J. Hibbler_
The Honorable William J. Hibbler
United States District Court